IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AARON STEWART, Inmate #A71724, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 06-820-DRH |
| ) | |
| WARDEN ALAN UTCHMAN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

This action comes before the Court on Plaintiff's motion to reconsider (Doc. 7) the Court's order denying him leave to proceed *in forma pauperis* because he has accumulated "three strikes" pursuant to 28 U.S.C. § 1915(g).

Technically, a "Motion to Reconsider" does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir. 1992). As noted in *Deutsch*, "in cases where it is unclear whether a motion challenging a judgment on the merits is made under Rule 59(e) or Rule 60(b)," the date of service will determine how the motion will be treated. Thus, "'if the motion is served within ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b).'" *Id.* (citations omitted).

The order denying *in forma pauperis* status was entered in this action on October 30, 2006,

but the instant motion was not mailed until December 8, 2006, well after the 10-day period expired. *See* FED.R.CIV.P. 59(e). Therefore, as a Rule 59(e) motion, the motion is time-barred.

Under *Deutsch*, the Court will thus construe the motion as filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." FED.R.CIV.P. 60(b)(1). However, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal. *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence"); *Swam v. United States*, 327 F.2d 431, 433 (7th Cir.), *cert. denied*, 379 U.S. 852 (1964) (a belief that the Court was mistaken as a matter of law in dismissing the original petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b).").

Plaintiff argues, first, that cases filed prior to the enactment of the Prison Litigation Reform Act ("PLRA") should not have been counted as "strikes" under section 1915(g), and that he has not therefore accumulated three strikes because he has filed only two federal cases since the statute's 1996 enactment. This argument has no merit. The Seventh Circuit has held that section 1915(g) applies to prisoner actions dismissed prior to, as well as after, the PLRA's enactment. *See Evans v. I.D.O.C.,* 150 F.3d 810, 811 (7th Cir. 1998); *Abdul-Wadood v. Nathan,* 91 F.3d 1023 (7th Cir. 1996). Even if Plaintiff's argument did have merit, it could still not be used as a basis for overturning the Court's judgment under Rule 60(b), because it is an argument that could be employed to obtain a reversal on direct appeal. *See Bell*, 214 F.3d at 801.

Plaintiff argues, second, that he should be allowed to proceed in the action, despite his three-

strikes status, under the "imminent danger of serious physical injury" exception. *See* 28 U.S.C. § 1915(g). The Seventh Circuit has explained that "imminent danger" requires a "real and proximate" threat or prison condition. *See Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Allegations of past harm are not sufficient to state imminent danger; "the harm must be imminent or occurring at the time the complaint is filed." *Id.* A plaintiff has not sufficiently alleged imminent danger where he states a past injury that has not recurred. *Id.* "By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to **prevent impending harms**, not those harms that had already occurred." *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3rd Cir. 2001) (emphasis added).

> Courts also deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous. *See, e.g., Heimermann v. Litscher*, 337 F.3d at 782 (contesting one's conviction and complaining of inadequate protection 2 years previously is not imminent danger); *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (working in inclement weather twice is not imminent danger); *White v. Colorado*, 157 F.3d 1226, 1231 (10th Cir. 1998) ('vague and conclusory' assertions of withheld medical treatment when prisoner was seen over 100 times by physician is not imminent danger).

*Ciarpaglini*, 352 F.3d at 331 (7th Cir. 2003).

Plaintiff states in the motion that he experienced pain daily, but that "two mattresses fixed the problem." The Court has reviewed the complaint and finds that Plaintiff did not demonstrate that he was in "imminent danger of serious physical injury." Plaintiff stated two claims in his complaint: first, that his outgoing mail was illegally confiscated by prison officials, and second, that he was retaliated against by prison officials who refused to fix the broken frame of his bunk or move him to another cell with an intact bunk frame. He states that the broken frame causes him pain. Based on the legal standards stated above, the Court found that Plaintiff had not demonstrated that he was under imminent danger of serious physical injury. Plaintiff's disagreement with the Court's finding is an argument that could be employed to obtain a reversal on direct appeal. *See Bell*, 214 F.3d at

801.

In summary, Plaintiff's arguments do not suggest clerical mistake; the arguments challenge the Court's application of the law, which may be addressed in a direct appeal. Therefore, Plaintiff has not presented any argument warranting relief under Rule 60(b), and the instant motion (Doc. 7) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:** January 3, 2007

/s/    David    RHerndon
**DISTRICT JUDGE**