IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AARON STEWART, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 06-cv-820-DRH |
| ) | |
| WARDEN ALAN UCHTMAN, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

This matter is before the Court on Plaintiff's motion for consideration of violations of this court's order (Doc. 27).

After Plaintiff's appeal was dismissed by the Seventh Circuit Court of Appeals (Doc. 20), the Seventh Circuit directed the Clerk of this Court to collect the appellate filing fee from Plaintiff's trust fund account "using the mechanism of Section 1915(b)." (Doc. 20). Accordingly, this Court entered a Memorandum and Order (Doc. 21) directing:

> that the agency having custody of Plaintiff shall remit the appellate fee of **$455.00** from Plaintiff's prison trust account, if available.

If **$455.00** is not available from Plaintiff's prison trust account, **IT IS HEREBY ORDERED** that Plaintiff shall pay the $455.00 filing fee applicable to this appeal as follows:

1. Plaintiff shall pay an initial partial filing fee of **$ 6.83**. *See* 28 U.S.C. § 1915(b)(1). The agency having custody of Plaintiff is **DIRECTED** to transmit this amount from Plaintiff's prison trust account to the Clerk of Court upon receipt of this Order.

2. Plaintiff shall make monthly payments of 20% of the preceding month's income credited to Plaintiff's prison trust account until the appellate filing fee is paid in full.

    3.     The agency having custody of Plaintiff shall forward payments from Plaintiff's account to the Clerk of this Court each time the amount in the account exceeds $10 until the filing fees are paid.  Payments shall be mailed to: Clerk of the Court, United States District Court for the Southern District of Illinois, P.O. Box 249, East St. Louis, Illinois 62202.

(Doc. 21) (emphasis in original).

The Court received the initial partial filing fee of $6.83 on June 18, 2007.  *See* (Doc. 22). Since that date, the Court has received periodic payments ranging between $0.68 and $3.93.  There have been several months where the Court has received no payments.[1]

In the instant motion, Plaintiff states that his "state stipend has never been over $10.00." Liberally construing the motion, it appears that Plaintiff contends that the Illinois Department of Corrections (IDOC) is not complying with the terms of this Court's Order (Doc. 21) or the provisions of § 1915.  Specifically, it appears Plaintiff objects to the IDOC deducting payments from his inmate account for the appellate filing fee when the IDOC "took monies under the ten dollars state stipend."

After due consideration, the Court finds that the instant motion should be denied.  First, there is no indication that this motion has been served on the IDOC, the trust fund officer (to whom this Court's order was sent), or any defendant in this case.[2]  As such, the motion fails to comply with Rule 5 of the Federal Rules of Civil Procedure.

Second, in normal usage a "stipend" is an amount *paid* to Plaintiff and, therefore, is "income." Under both this Court's Order (Doc. 21) and under § 1915, Plaintiff is required to make

---

[1]The Court received no payments in the following months: September 2007; June 2008; May 2009; June 2009; July 2009; November 2009; and August 2010.

[2]The "Certificate of Service" attached to Plaintiff's motion indicates only that he "served" the instant motion on the Clerk of Court.

a monthly payment of 20% of the preceding month's "income" deposited into his inmate trust fund account - no matter how big or small the amount of the deposit. For example, if Plaintiff had 20 deposits of $5 each in the month of September 2010, then he is required to make a monthly payment $20 (20% of $100). The IDOC is required to forward the required monthly payment to this Court "each time the amount in the account exceeds $10 until the filing fees are paid."

      Third, Plaintiff's motion fails to indicate that the IDOC is not complying with the terms of this Court's prior Order (Doc. 21) or the terms of § 1915. It possible that Plaintiff is using the word "stipend" when he really means to use the phrase "amount in the account" (or balance). Assuming that Plaintiff is contending that the IDOC is forwarding payments to this Court even when the balance does not exceed $10, Plaintiff has not attached a certified copy of his inmate account statement to support this contention. Furthermore, assuming Plaintiff is using the word "stipend" when he really means balance, the instant motion becomes more confusing not less. Specifically, Plaintiff asserts in his motion that his "stipend" has never exceeded $10, but a review of Plaintiff's prior account statements, *see* (Docs. 2 and 12), indicates that the balance in his inmate account has exceeded $10 on several occasions in the past.

      Even if Plaintiff's motion had indicated that the IDOC was improperly forwarding payments to this Court from his account, it is not entirely clear that a motion in this case is Plaintiff's proper remedy. Title 28 U.S.C. § 1915(b)(1) directs the Court to "assess and, when funds exist, collect . . . an initial partial filing fee." Thus, judicial action in the form of an order is required to establish the amount of and to collect the initial partial filing fee. Title 28 U.S.C. § 1915(b)(2), however, states that "[a]fter payment of the initial partial filing fee . . . [t]he agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of court." Consequently,

the IDOC's obligation to forward payments to the Clerk of Court is imposed by the statute. This Court's prior Order (Doc. 21) simply repeats the statutory obligations imposed on the IDOC once the initial partial filing fee is paid. Plaintiff's real complaint is not whether the IDOC is properly complying with this Court's prior Order (Doc. 21), but whether the IDOC is properly complying with § 1915(b)(2).

With respect to that question, the Court notes that the money in Plaintiff's account is Plaintiff's property and, generally speaking, if the State deprives a person of his property improperly, then he may have a Due Process claim. However, Plaintiff does not have a Due Process claim when - as here - he has adequate post-deprivation remedies in state court. *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999) (finding that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims) ; *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993); 705 ILCS 505/8 (1995). In short, if the IDOC is not complying with § 1915(b)(2), then Plaintiff may pursue his post-deprivation remedies against the IDOC in state court.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's motion for consideration on violations of this Court's order (Doc. 27) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:** October 5, 2010

/s/ DavidRHerndon
**DISTRICT JUDGE**.